NicholsoN, C. J.,
delivered the opinion of the court,
This is a bill of review, filed to review and reverse a decree rendered on the 6th of November, 1867, in the Chancery Court at Dandridge. The material error assigned as apparent in the decree of November 6, 1867, is, that it determines that an execution tested of the first Monday of September, 1863, was levied on property sufficient to satisfy the judgment, and that such levy was a satisfaction thereof and a release of Benley, who was a security in the judgment. It is said this was error, because the execution aforesaid was a nullity, having issued under the law passed after the 6th of May, 1861, providing for two terms of the Circuit Court, instead of three, and which law was unconstitutional, null and void, as ordained by the fifth section of the Schedule of the Amended Constitution of 1865.
The execution was tested and made returnable at the times fixed by the statute in force when the same was issued and levied, and the levy made thereon was regular, unless the execution and the levy were null and void by means of the retroactive operation of the Schedule referred to. ,
If the Schedule to the Amended Constitution ever had the effect of making null an execution or levy thereon, issued and levied in pursuance of the' act of 1861, which we are far from conceding, yet it is manifest that the fifth section of the Schedule of 1865 was abrogated by the the 1st section, article ii of the *82 Constitution of 1870, by which it is provided that “ ordinances contained in • any former Constitution, or Schedule thereto, are hereby abrogated.” This includes, and was clearly intended to include, the section in the Schedule of 1865, which declared “all laws, ordinances and resolutions, as well as all acts done in pursuance thereof, under the authority of the usurped State government of Tennessee, on or after the 6th of May, 1861, unconstitutional, null and void from the beginning.” The abrogation of this section by the Constitution of 1870, removes all doubt as to the validity of the execution and the levy, thereof, and of the satisfaction of the judgment as to the security, as decreed by the Chancellor.
The errors assigned for the insufficiency of the proof are not well taken, for the reason that, on a bill of review the sufficiency of the proof on which the decree rests is not before the reviewing court: Eaton v. Dickinson, 3 Sneed, 399; Lewis Anderson v. Bank of Tennessee, 5 Sneed, 661.
But it is not necessary to notice the other errors assigned, as the bill of review itself was defective and demurable for the failing to make Cate or his repre-sentatiye a party. Cate was the material party to the original bill, and should have been a party to the bill of review. See Daniel’s Ch. Pl., &c., 1628 (note).
The decree sustaining the demurrer and dismissing the bill is affirmed with costs.